UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| IN RE CVS HEALTH CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | CONSOLIDATED Case No. 1:24-cv-00393-MSM |
|---|---|

**STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION**

WHEREAS, on October 1, 2024, plaintiff Sonia Duffy ("Plaintiff Duffy") filed a shareholder derivative action on behalf of nominal defendant CVS Health Corporation ("CVS" or the "Company") in this Court alleging causes of action for violations of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duties, unjust enrichment, gross mismanagement, and waste of corporate assets against defendants Karen S. Lynch, Shawn M. Guertin, Thomas F. Cowhey, Fernando Aguirre, Jeffrey R. Balser, C. David Brown II, Alecia A. DeCoudreaux, Nancy-Ann M. DeParle, Roger N. Farah, Anne M. Finucane, J. Scott Kirby, Michael F. Mahoney, Jean-Pierre Millon, and Mary L. Schapiro (the "Individual Defendants" and, together with the Company, "Defendants"), captioned as *Duffy v. Lynch, et al.*, Case No. 1:24-cv-00393-MSM (the "*Duffy* Action") (*Duffy* Action, ECF No. 1);

WHEREAS, on October 7, 2024, plaintiff Gerald Joseph Lovoi ("Plaintiff Lovoi," and together with Plaintiff Duffy, the "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant CVS in this Court against the Individual Defendants alleging causes of action for violations of Section 14(a) of the Exchange Act and breaches of their fiduciary duties as directors and/or officers of CVS, captioned as *Lovoi v. Lynch, et al.*, Case No. 1:24-cv-00403-MSM (the "*Lovoi* Action") (*Lovoi* Action, ECF No. 1);

WHEREAS, on October 24, 2024, the parties in the *Duffy* Action and *Lovoi* Action filed a Joint Stipulation and [Proposed] Order Consolidating Cases and Appointing Lead and Liaison Counsel (the "Stipulation") (*Duffy* Action, ECF No. 8);

WHEREAS, on October 30, 2024, the Court granted the Stipulation and consolidated the *Duffy* Action and *Lovoi* Action, under the caption *In re CVS Health Corporation Stockholder Derivative Litigation*, Case No. 1:24-cv-00393-MSM (the "Consolidated Derivative Action") (Consolidated Derivative Action, ECF No. 9), and appointed Gainey McKenna & Egleston as Lead Counsel and Motley Rice LLC as Liaison Counsel;

WHEREAS, on October 25, 2024, the District Court for the Southern District of New York entered an order consolidating two securities class actions, *Nixon v. CVS Health Corporation, et al.*, Case No. 1:24-cv-05303-MMG, filed on July 12, 2024, and *Tatone v. CVS Health Corporation, et al.*, Case No. 1:24-cv-06771-MMG, filed on September 6, 2024, under Case No. 1:24-cv-05303 (the "Consolidated Securities Action") (Consolidated Securities Action, ECF No. 32);

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Consolidated Derivative Action and the Consolidated Securities Action, and several of the Defendants in the Consolidated Derivative Action are also named as defendants in the Consolidated Securities Action;

WHEREAS, the parties to the Consolidated Derivative Action (the "Parties," and each a "Party") agree that the proceedings in the Consolidated Securities Action may inform the proceedings in the Consolidated Derivative Action;

WHEREAS, in light of the similarities between the Consolidated Derivative Action and the Consolidated Securities Action, to conserve the Parties' and judicial resources and to promote "the just, speedy and inexpensive determination of [this] action," Fed. R. Civ. P. 1, the Parties agree that all proceedings and deadlines in the Consolidated Derivative Action, including discovery and Defendants' obligation to move, answer, or otherwise respond to any complaint filed in this action, should be temporarily stayed; and

WHEREAS, entry into this Stipulation is without prejudice to any and all defenses and does

not constitute a waiver of, or in any way limit, Defendants' right to move to dismiss the Consolidated Derivative Action for failure to adequately plead demand futility or make a pre-suit demand, or on any other grounds;

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, to stay the Consolidated Derivative Action pursuant to the following terms:

1. The Consolidated Derivative Action is hereby temporarily stayed, and all deadlines in the Consolidated Derivative Action shall be held in abeyance during the pendency of the stay (the "Stay").

2. The Parties shall notify the Court and the Stay shall be terminated, within thirty (30) days following the occurrence of any one of the following: (1) the dismissal of the Consolidated Securities Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Consolidated Securities Action in whole or in part; or (3) any of the Parties to this Stipulation has given a ten (10) day notice to counsel for the other Parties that they no longer consent to the voluntary Stay of the Consolidated Derivative Action, and the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

3. During the pendency of this Stay, Defendants shall notify Lead Counsel and Liaison Counsel if a shareholder derivative action arising from the same or substantially similar facts as alleged in the Consolidated Derivative Action is filed (a "Related Derivative Action").

4. If a Related Derivative Action is not stayed for a period similar to, or longer than, the Stay, any Party may terminate the Stay by providing 10-days' notice to counsel for the other Parties.

5. If the Stay is terminated, within fourteen (14) days of the date that any termination of the Stay takes effect, the Parties shall meet and confer in good faith to determine whether a further extension of the Stay is preferable or necessary and submit a proposed extension of the Stay or scheduling order governing further proceedings in the Consolidated Derivative Action.

6. During the pendency of this Stay, Defendants shall provide Plaintiffs with copies of any documents produced to plaintiffs in the Consolidated Securities Action or any Related Derivative Action, or pursuant to any shareholder demand for an inspection of books and records of CVS based on the same or substantially similar facts as alleged in the Consolidated Derivative Action, subject to the Parties entering into a reasonable confidentiality agreement and/or protective order.

7. During the Stay, Plaintiffs may file a consolidated amended complaint in the Consolidated Derivative Action, but Defendants shall be under no obligation to respond to any complaint while the Stay is in effect and until the date ordered by the Court after submission of the Parties' proposed scheduling order.

8. During the pendency of this Stay, Defendants shall advise Lead Counsel and Liaison Counsel of any mediation in the Consolidated Securities Action and shall make a good faith effort to include Plaintiffs in any such mediation. In the event that the plaintiffs in the Consolidated Securities Action object to joint mediation, or it is otherwise impractical to do so, Defendants agree to mediate with Plaintiffs with regard to the Consolidated Derivative Action at or about the same time. If Defendants engage in mediation in any Related Derivative Action, the Defendants shall include Plaintiffs in any such mediation.

9. This stay shall not apply to any motions, stipulations, or any other related filing pertaining to consolidation of any related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead and liaison counsel(s).

10. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this Stipulation.

11. This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Consolidated Derivative Action, including but not limited to Defendants' right to move for dismissal of the Consolidated Derivative Action and Plaintiffs' right to oppose any such motion, and any arguments or motions concerning venue, forum, transfer, jurisdiction, or stay of the Consolidated Derivative Action, including following any termination of the Stay, or any other actions.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: December 19, 2024　　**MOTLEY RICE LLC**

*/s/ Vincent L. Greene*
Vincent L. Greene [RI 5971]
40 Westminster St., 5th Fl.
Providence, RI 02903
Telephone: (401) 457-7730
Facsimile: (401) 457-7708
Email: vgreene@motleyrice.com

*Liaison Counsel for Plaintiffs*

**GAINEY McKENNA & EGLESTON**

Thomas J. McKenna
Gregory M. Egleston
260 Madison Ave., 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email:　tjmckenna@gme-law.com
　　　　gegleston@gme-law.com

*Counsel for Plaintiff Duffy and Lead Counsel for Plaintiffs*

**ROWLEY LAW PLLC**

Shane Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Facsimile: (914) 301-3514
Email:   srowley@rowleylawpllc.com
             drl@rowleylawpllc.com

*Counsel for Plaintiff Lovoi*

DATED: December 19, 2024    **WHELAN CORRENTE & FLANDERS LLP**

*/s/Christopher N. Dawson*
Christopher N. Dawson (R.I. Bar # 8508)
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone: (401) 270-1386
Facsimile: (401) 270-3760
Email: cdawson@whelancorrente.com

**WACHTELL, LIPTON, ROSEN & KATZ**

William Savitt (pending *pro hac vice*)
Lauren M. Kofke (pending *pro hac vice*)
51 West 52nd Street
New York, NY  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email:   wdsavitt@wlrk.com
             lmkofke@wlrk.com

*Counsel for Defendants*

*   *   *

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____        _____
                                                                            The Hon. Mary S. McElroy
                                                                            United States District Judge